IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| ELVIN DEMPSEY, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS**
**PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Elvin Dempsey, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about May 8, 2007, including any and all statements made subsequent to the illegal search.

In support thereof, Mr. Dempsey avers as follows:[1]

1.    On May 8, 2007, Wilmington Police Detectives executed a search warrant at 941 Kirkwood Street, Wilmington, Delaware.

2.    On May 8, 2007, Wilmington Police Detectives Pfaff and Silva swore out an affidavit and attached it to their application for a search warrant for 941 Kirkwood Street,

---

[1] The facts contained in paragraphs 1-6 of this motion were taken from the police reports and search warrant prepared in relation to this case. Although Mr. Dempsey cites these facts in his motion, he does not concede that the events transpired as stated by these documents. Mr. Dempsey submits that an Evidentiary Hearing is needed to further develop the facts, which are determinative of this motion.

Wilmington, Delaware. In the affidavit, the Detectives stated that on August 6, 2006 a search warrant was executed at 718 Spruce Street, Wilmington, Delaware, for heroin and for Mr. Dempsey. The affidavit further stated that a confidential informant alleged that Mr. Dempsey would be traveling to Philadelphia, Pennsylvania in the early morning hours of May 8, 2007, to pick up heroin, and that Mr. Dempsey would be driving a gold in color Nissan. The affidavit further alleged that the Detectives set up surveillance of 941 Kirkwood Street and observed a gold color Nissan parked in front of that location, that one of the occupants of that car was Mr. Dempsey, and that Mr. Dempsey was observed entering 941 Kirkwood Street. Lastly the Detectives alleged in the affidavit that during their surveillance of 941 Kirkwood Street, a motor vehicle stop was conducted and the subject stopped advised that he/she had received a bag of heroin from Mr. Dempsey, that Mr. Dempsey was inside of 941 Kirkwood Street, and that Mr. Demspey was currently in possession of more heroin and possibly a firearm.

       3.     As a result of the search of 941 Kirkwood Street, narcotics and a firearm were seized.

       4.     Inside the location at the time of search were Mr. Dempsey and two other individuals. Mr. Dempsey was subsequently taken into custody by officers.

       5.     Detectives allege that Mr. Dempsey made a taped confession regarding the illegal narcotics and firearm in a post <u>Miranda</u> statement.

       6.     On June 5, 2007, a federal indictment was returned against Mr. Dempsey charging him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### A.  Search Warrant was Invalid

7. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV.

8. Where no probable cause exists for a search, suppression of any evidence recovered will be required.  United States v. Roberson, 90 F.3d 75 (3d Cir. 1996); Hayes v. Florida, 105 S. Ct. 1643 (1985);  United States v. Shaefer, Michael & Clairton 637 F.2d 200 (3rd Cir. 1980).

9. In the present case, although the location in question was searched pursuant to a search warrant, based upon information and belief, the search warrant was invalid and lacked probable cause.

10. If evidence was seized as a result of an illegal search then the evidence obtained must be suppressed, pursuant to the "fruit of the poisonous tree doctrine" as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

11. Upon information and belief, the affidavit in support of the search warrant contained material misstatements and improper presentation of facts to support probable cause, due to the fact that the affidavit for the search warrant neglected to state the facts that would not have supported the issuance of a search warrant.

12. In Franks v. Delaware, 438 U.S. 154 (1978), in order to protect the authority of a U.S. Magistrate  to issue warrants, it was held:

> "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.  In the event that at that hearing the allegation of perjury

>   or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

Id. at 155-156.

13.     In determining the sufficiency of an affidavit in support of a search warrant, a "totality of the circumstances" standard is applied. United States v. Jewell, 60 F.3d 20, 23 (1st Cir. 1995). To assess whether a search warrant was legally issued, there must have been facts presented to a U.S. Magistrate, which rise to a level of probable cause when viewing the evidence under a totality of the circumstances analysis. Id.

14.     In the present case, upon information and belief, no motor vehicle stop occurred during the Detectives' surveillance of 941 Kirkwood Street, on May 8, 2007, as described in the Detectives' affidavit. Absent this information, the affidavit fails to establish probable cause to support issuance of the search warrant in this case.

15.     Furthermore, the affidavit failed to include facts known to the Detectives that may have negated probable cause. Upon information and belief, the search warrant for 718 Spruce Street referenced in the affidavit did not result in the seizure of any narcotics or firearms. Upon information and belief, the information provided by the confidential informant regarding Mr. Dempsey and his alleged travel to Philadelphia, Pennsylvania, in the early morning hours of May 8, 2007 to pick up heroin did not prove to be reliable.

16.     The affidavit failed to establish the requisite probable cause as a matter of law to support issuance of the search warrant, and the warrant to search 941 Kirkwood Street was issued in violation of Franks. Therefore, all evidence obtained from the search must be suppressed.

**B.     Mr. Dempsey's Alleged Statements Must Be Suppressed As Fruit of the Poisonous Tree, and Pursuant To the Fifth Amendment and *Miranda v. Arizona*.**

17.     Because the search and seizure in this case was illegal and in violation of the Constitution, all evidence seized as a result, including any statements taken from Mr. Dempsey following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in Wong Sun v. United States, 371 U.S. 471 (1963).

18.     Mr. Dempsey also submits that any alleged statements made during, or subsequent to, the illegal search and seizure must be suppressed pursuant to the Fifth Amendment and Miranda v. Arizona, 384 U.S. 436, 444 (1966) because he did not knowingly, intelligently and voluntarily waive his Miranda rights. See id. (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement, and a "defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined."); see also Jackson v. Denno, 378 U.S. 368, 380 (1964). Once the defendant challenges the admissibility of an alleged statement, the government bears the burden of establishing compliance with Miranda and its progeny, and must demonstrate that the suspect knowingly, intelligently and voluntarily waived his or her rights. Id. at 444.

**WHEREFORE**, Mr. Dempsey respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about May 8, 2007, including any alleged statements made by Mr. Dempsey on or about said date.

                        Respectfully submitted,

                        /s/
                        Eleni Kousoulis
                        Assistant Federal Public Defender

                        Attorney for Elvin Dempsey

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: November 8, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| | : | |
| ELVIN DEMPSEY, | : | |
| | : | |
| Defendant. | | |

## **ORDER**

The Court having considered Defendant Dempsey's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any evidence seized during the search of 941 Kirkwood Street, Wilmington, Delaware, at the time of Mr. Dempsey arrest in this case, including any statements made by Mr. Dempsey, shall be suppressed.

 

The Honorable Gregory M. Sleet
United States District Court