IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-74-JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| ELVIN DEMPSEY, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S REQUEST TO SUMMARILY DENY THE DEFENDANT'S MOTION TO SUPPRESS

The United States, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn E. Martyniak, Special Assistant United States Attorney for the District of Delaware, hereby respectfully requests the Court to deny the Defendant's *Motion to Suppress Physical Evidence and Statements* without the requirement of a formal hearing before the Court.

### I. FACTUAL ALLEGATIONS.

The Government submits the following factual allegations:

1. On May 7, 2007, Wilmington Police Detectives Danny Silva and Randall Pfaff received information from Detective Sergeant Liam Sullivan regarding a major heroin trafficker who goes by the name of "Ocbar." The Detectives were told by Sergeant Sullivan that the information was provided to him by a past, proven reliable informant.

2. The informant told Sergeant Sullivan that "Ocbar" was to travel to Philadelphia the morning of May 8, 2007 and pick up a package of heroin. The informant stated that "Ocbar" would be driving a gold Nissan Altima with an unknown Pennsylvania license plate. The informant also stated that the gold Nissan Altima was a rental car. The informant further advised

that "Ocbar" would return from Philadelphia that morning and respond to 941 Kirkwood Street in Wilmington, Delaware.

3. Detectives Silva and Pfaff knew "Elvin Dempsey" from a prior investigation in summer of 2006. The previous investigation resulted in the issuance of a search warrant on August 6, 2006. The search warrant was issued for 718 Spruce Street, Wilmington, DE 19801 and for the suspect, Elvin Dempsey BM Dob 8/24/68, after several controlled heroin buys were made from that location. The suspect in the investigation was also known as "Ocbar"; prior to issuance of that warrant, the Detectives determined that "Ocbar's" true name was Elvin Dempsey.

4. During the May 2007 investigation that led to the current charges against the defendant, Detective Pfaff conducted a warrant check on the defendant and learned that he was wanted on a warrant for the charges of Robbery in the First Degree, weapons violations, and other related charges. The warrant was issued by Justice of the Peace Court #20 in Wilmington, Delaware.

5. On May 8, 2007, Detective Charles Emory of the Wilmington Police established surveillance at 941 Kirkwood Street at approximately 6:51am. At that time, there were no vehicles matching the suspect vehicle parked at the residence. At approximately 9:36am, Detective Emory spotted a gold four-door vehicle arrive at 941 Kirkwood Street. Two black males exited the vehicle and entered the house. One of the individuals was identified by Detective Emory as the defendant.

6. At approximately 9:55am, Detective Emory saw the individual who accompanied the defendant exit the house, enter the gold vehicle, and drive away; the defendant, presumably,

remained at the residence. Detective Emory also noticed the Altima was followed by members of the Wilmington Police Drug Unit.

7. The four door gold vehicle at the residence was determined to be a Nissan Altima with Pennsylvania license plate number GPM-3771. Detective Pfaff ran the plate number through their database and learned that the vehicle was registered to Enterprise Leasing located in Radnor, Pennsylvania.

8. After the Nissan Altima left 941 Kirkwood Street, Detectives Silva and Pfaff followed the vehicle out of the area and conducted a motor vehicle stop. The Detectives located heroin within the vehicle; the occupant of the vehicle told police that he/she received a bag of heroin from "Ocbar." The subject further told the Detectives that "Ocbar" was inside of 941 Kirkwood Street and stated that there was more heroin in the residence. The Detectives were also informed that the occupants of 941 Kirkwood Street were possibly armed.

9. Based on the information the Detectives knew at the time, they applied for and received a search warrant from Justice of the Peace Court #20. The search warrant was issued for 941 Kirkwood Street, Wilmington, Delaware, and Elvin G. Dempsey.

10. After receiving the approved search warrant, Detectives arrived at 941 Kirkwood Street and served the warrant. The defendant was located, along with an individual by the name of Samadni Goldson, in first floor bedroom. A third individual, Jamaal Thompson was located on the front porch.

11. The Officers searched the residence and located the following contraband: 1) 1268 heat-sealed plastic bags each containing a blue glassine baggies stamped "HOLLYWOOD." The baggies contained an off-white powder substance which later-field tested positive for heroin and

weighed 31.42 grams; 2) One baggie containing 2.60 grams of white chunky substance which later field-tested positive for cocaine; 3) Three zip-lock baggies containing 3.7 grams of marijuana; 4) a .22 caliber Taurus PT-22 handgun; 5) .32 caliber Colt revolver; 6) five Remington .22 caliber rounds; and 6) numerous empty baggies commonly used to package narcotics.[1]

12. As a result of the search, the defendant was indicted on three charges. The defendant is charged with: 1) Possession with intent to deliver heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)©; 2) Carrying a firearm during and in relation to a drug-trafficking crime (*i.e.*, Count I); and possessing a firearm in furtherance of said crime, in violation of 18 U.S.C. § 924(c)(1)(A); and 3) Being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

13. On November 8, 2007, the defendant filed a *Motion to Suppress Physical Evidence and Statements*.

14. The Government respectfully requests the Court deny the defendant's *Motion* without the requirement of a hearing. The defendant has failed to establish a substantial preliminary showing that the affidavit contains a false statement which was made knowingly or with reckless disregard for the truth. Additionally, if a hearing is held, the Government respectfully requests permission to respond to any additional briefing filed by defendant.

---

[1] All of the information contained in paragraphs 1-11 of this motion were taken from reports received from police.

## II. LEGAL ARGUMENT.

A. The defendant has failed to establish the requirements for a *Frank's* hearing.

15. The defendant asserts that "...the search warrant was invalid and lacked probable cause."(D. p3 ¶ 9). The defendant makes this assertion based on his argument that, "the affidavit in support of the search warrant contained material misstatements and improper presentation of facts to support to support probable cause." (D. p3 ¶ 11). The Government respectfully asserts that the defendant's argument lacks merit and that his motion should be denied. Moreover, as explained more fully below, given the nature of the argument presented, the Court may deny at the defendant's motion without the need for an evidentiary hearing.

16. The United States Supreme Court has stated that there is a presumption of validity with respect to the affidavit supporting the search warrant. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, creating an exception to the premise that affidavits in warrants are presumptively valid, the Court determined that a criminal defendant has the right to challenge the truthfulness of factual statements made in an affidavit of probable cause supporting a warrant subsequent to the issuance of a warrant. *Franks v. Delaware*, 438 U.S. 154.

17. The Court limited the attack that a defendant can make of the affidavit by placing strict requirements that must be met by the defendant prior warranting an evidentiary hearing. The Court wrote, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." *Id.* at 171. The defendant must make a "substantial preliminary showing" that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth..." *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) *citing Franks*, 438 U.S. 154 at 171.

18. In *Franks*, the Court wrote, "[the defendant] should point out specifically the portion of the warrant affidavit and those allegations must be accompanied by an offer of proof. *Franks*, 438 U.S. at 171. An offer of proof such as "affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Id.* Mere allegations are insufficient. *Id.*; see also, *United States v. Santana*, 342 F.3d 60, 66 (1st. Cir. 2003) (no hearing required when defendant presented no evidence to support speculation that officers acted recklessly by failing to verify apartment number with surveilling officer); *United States v. Rodriguez*, 367 F.3d 1019, 1025-26 (8th Cir. 2004) (no hearing required because defendant failed to support conclusory statements that allegations in affidavit were recklessly false and minor discrepancies exited between the description of drugs in affidavit and indictment).

19. The defendant argues that, "no motor vehicle stop occurred during the Detectives' surveillance of [the residence], on May 8, 2007, as described in the Detectives' affidavit."(D. p4 ¶ 14). While the defendant has pointed out the portion of the affidavit he finds offensive, this assertion is completely conclusory. He fails make any showing, substantial or otherwise, that the statement is false or that it was made with reckless disregard for the truth. Furthermore, the allegation is not supported by any affidavit or statement. The defendant fails to give any reason for the absence of any such supporting proof.

20. Absent any reliable proof or affidavit, or a reasonable explanation as to why the defendant has omitted the necessary proof, the defendant is not entitled to any evidentiary hearing. The Government respectfully requests that the defendant's motion be denied.

### B. The information in the affidavit established probable cause.

21. The information relating to a prior search warrant conducted at 718 Spruce Street, Wilmington, Delaware assisted the magistrate judge in determining that probable cause existed to issue a Search Warrant for the person of Elvin Dempsey. The defendant complains, "[i]n the present case, although the location in question was searched pursuant to a search warrant, based upon information and belief, the search warrant was invalid and lacked probable cause." (D. p3 ¶ 9).

22. A search warrant is supported by probable cause if the affidavit attached thereto establishes, in light of the totality of the circumstances, that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In ruling on a motion to suppress evidence based on a search warrant, a district court should not engage in a *de novo* analysis when reviewing the search warrant affidavit for probable cause. Rather, "conclusions of a neutral magistrate regarding probable cause are entitled to a great deal of deference by a reviewing court, and the temptation to second-guess those conclusions should be avoided." *United States v. Ritter*, 416 F.3d 256, 264 (3d Cir. 2005); *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993 ("When faced with a challenge to a magistrate's probable cause determination, a reviewing court must remember that its role is limited. It is not to conduct a *de novo* review. Rather, it simply ensures that the magistrate had a substantial basis for concluding that probable cause existed.").

23. The probable cause section of the warrant[2] specifically states,

---

[2] Copy of the Search Warrant supplied as Enclosure (1).

7

        2. That your affiants can state that on 6 August 2006, your affiants executed the search warrant at 718 Spruce Street, Wilmington, DE 19801, for heroin and for the suspect Elvin Dempsey BM Dob 8/24/68.

This paragraph directly references the defendant. The warrant in question was applied for and received on May 8, 2007. This paragraph shows that the Detectives were familiar with the defendant from an investigation approximately nine months prior. In paragraph four of the affidavit, the Detectives wrote, "...these affiants are familiar with a subject nicknamed "Ocbar" and know that his real name is Elvin Dempsey BM Dob 8/24/68.

        24. The facts contained in the search warrant affidavit were ample to provide the issuing magistrate with a substantial basis to conclude that there was a fair probability evidence related to the Elvin Dempsey and possession of heroin would be located at 941 Kirkwood Street, Wilmington, Delaware. The inclusion of the second and fourth paragraphs alerted the Magistrate that the Detectives were familiar with a Elvin Dempsey and knew him use the name "Ocbar" when on the street. The warrant also included information from a past, proven reliable informant that Elvin Dempsey would travel to Philadelphia that morning to purchase heroin and return to 941 Kirkwood street. The warrant includes information that the police surveilled the residence and located a vehicle matching the description given by the informant and that the Detectives learned from another Detective that one of the occupants of the vehicle was Elvin Dempsey. The warrant includes the information that the Detectives conducted a vehicle stop after the car left the residence, located heroin in the vehicle, and were told by the occupant that he received the heroin from "Ocbar." Finally, the warrant states that the driver of the vehicle informed the Detectives that "Ocbar" was in the residence at 941 Kirkwood Street with more heroin and possibly armed with a firearm.

        25. When reviewing the totality of the information provided in the warrant by the Detectives, it is clear that the Magistrate had ample probable cause to issue the warrant for the

search of 941 Kirkwood Street and Elvin Dempsey. This claim should be dismissed as it lacks merit.

### III. CONCLUSION.

The Government respectfully asserts that the defendant's arguments lack merit and that his motion should be denied. The defendant has failed to satisfy the requirements necessary to grant a *Frank's* hearing. Furthermore, the affidavit of probable cause contains sufficient information for a magistrate to determine that probable cause existed. The defendant had failed to supply the Court with anything more than conclusory allegations and has failed to buttress its arguments with any reliable statements or affidavits.

WHEREFORE, the United States respectfully asks the Court to summarily deny the Defendant's Motion or, in the alternative, consider this the Government's pre-hearing response to the Defendant's Motion.

                                             Respectfully submitted,

                                             COLM F. CONNOLLY
                                             United States Attorney

                                             By:   /s/ Shawn Martyniak
                                             Shawn E. Martyniak (De. I.D. No. 4433)
                                             Special Assistant United States Attorney
                                             1007 Orange Street, Suite 700
                                             P.O. Box 2046
                                             Wilmington, Delaware 19899-2046

Dated: December 11, 2007.

### IN THE UNITED STATE DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-74-JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| ELVIN DEMPSEY, : | |
| : | |
| Defendant. : | |

### ORDER

The Court, having considered the Government's *Response* to the Defendant Dempsey's *Motion to Suppress Evidence and Statements*:

IT IS HEREBY ORDERED this _____ day of _____, 200__, that the Defendant's motion is denied for the reasons stated in the Government's response.

_____
The Honorable Gregory M. Sleet
United States District Court.

# Enclosure (1)

## IN THE
## JUSTICE OF THE PEACE COURT #20
## STATE OF DELAWARE

IN THE MATTER OF:                                    Daytime Search Warrant

1. The entire residence and all curtilage known as 941 Kirkwood Street Wilmington, Delaware 19801, brick front dwelling.

2. Elvin G. Dempsey aka (Ocbar) BMN 8/24/68, 6'02", 200 lbs, SBI# 00363477.

**THE STATE OF DELAWARE TO: DETECTIVES RANDOLPH PFAFF AND DANNY SILVA** of the Wilmington Police Department with the assistance of any police officer or constable or any other necessary or proper person or persons or assistance.

**GREETINGS:**
Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable cause to believe that certain property, namely A SCHEDULE I NARCOTIC SUBSTANCE TO WIT: Heroin used or intended to be used for the sale of and distribution of Heroin, is being concealed in/or at 941 Kirkwood Street Wilmington, Delaware 19801 occupied by Elvin G. Dempsey aka (Ocbar) BMN 8/24/68, 6'02", 200 lbs, SBI# 00363477 described in the annexed affidavit and application or complaint;

**NOW THEREFORE, YOU ARE HEREBY COMMANDED** within 10 days of the date hereof to search the above-named person, persons, house, conveyance or place for the property specified in the annexed affidavit and application, and to search any occupant or occupants found in the house, place, or conveyance above named for such property, serving this warrant and making the search in the daytime, or in the nighttime if the property, papers, articles or things; or any part thereof, be found there, to seize it, giving to the person from whom or from whose premises the property was taken a copy of warrant and a receipt for the property taken, or leaving the copy and receipt at the place from which the property was taken, and prepare a signed inventory of the goods seized in the presence of the person from whose possession or premises the property was taken, if they are present, or, if they are not present, in the presence of at lease 1 witness, and to return this warrant, accompanied by the written inventory, to me forthwith.

Dated this 8th day of May 2007,

JUSTICE OF THE PEACE COURT #20    '07 MAY 8 AM 11 52    RECEIVED

_____
JUDGE OF THE JUSTICE OF THE PEACE COURT # 20
NEW CASTLE COUNTY
STATE OF DELAWARE



1

Enclosure (1)

IN THE
JUSTICE OF THE PEACE COURT #20
STATE OF DELAWARE

IN THE MATTER OF:                                  Affidavit & Application
                                                   For Search

1. The entire residence and all curtilage known as
   941 Kirkwood Street, Wilmington, Delaware 19801,
   a brick front dwelling.

2. Elvin G. Dempsey aka (Ocbar) BMN 8/24/68,
   6'02", 200 lbs, SBI# 00363477.

STATE OF DELAWARE
NEW CASTLE COUNTY SS:

BE IT REMEMBERED that on this date __8th__ day of __May__ 2007,
Before me, the Honorable Judge __Terry L. Smith__
Personally appeared DETECTIVE RANDOLPH PFAFF AND Danny S[illegible]
Wilmington Police Department, who being by me duly sworn (or affirmed) dep[illegible]
(or depose) and says (or say):

That the affiant (or affiants) has (or have) reason to believe and does (or do) believe that in the dwelling known as: 941 Kirkwood Street., Wilmington, Delaware 19801, the owner (s) (or occupant (s)) is (are); Elvin G. Dempsey aka (Ocbar) BMN 8/24/68, 6'02", 200 lbs, SBI# 00363477 there has been and/or there is now located and/or concealed certain property in said house, place, conveyance and/or on the person or persons of the occupants thereof, consisting of property, papers, articles or things which are the instruments of a criminal offense, and/or obtained in the commission of a crime, and/or designated to be used in the commission of a crime, and not reasonably calculated to be used for any other purpose and/or the possession of which unlawful and, in particular, (describe the property or person expected to be found, which said property, papers, articles or things were, are, or will be possessed and/or used in violation of Title 16, Section 4751, Delaware Code, in that POSSESSION WITH THE INTENT TO DELIVER A SCHEDULE I NARCOTIC TO WIT: HEROIN.

And that the facts tending to establish probable cause for believing that the foregoing grounds for the application exist are as follows:

Enclosure (1)

# PROPERTY TO BE SEIZED

1. Any Heroin and Heroin related paraphernalia including, but not limited to, packaging materials, scales and pipes.

2. Indicia of occupancy or residency of the described premises, including, but not limited to, utility and telephone bills, canceled envelopes and keys.

3. Books, records, receipts, notes, ledgers and other papers relating to the transportation, ordering, purchase and distribution of Heroin including addresses and/or telephone numbers of individuals associated in the drug trafficking operation. Cell phones and communication devises.

4. Any documents, receipts, tickets or other papers reflecting or evidencing of travel by any means in furtherance of the drug trafficking enterprise between the states of Delaware and other states.

5. Books, records, receipts, bank statements and records, money drafts, letters of credit, cashier's checks receipts, passbooks, bank checks, safety deposit keys, loan documents, wire transfers and other papers or documents evidencing the obtaining, secreting, transfer, laundering and investment, and/or concealment of any assets or monies obtained directly or indirectly from violations of the controlled substances laws.

6. Any United States Currency in close proximity to Heroin or Heroin paraphernalia, or any quantities of Currency in excess of $100.00 or other valuables found in excess such as multiple VCR'S, cameras and/or stereo equipment that may have been used in lieu of Currency to attain controlled substances.

7. Any rifle, pistol, shotgun or any device that a shot may be discharged from or any weapon manifestly utilized to protect illegal drugs.

8. All computer hardware consisting of equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, digital or similar computer impulse or data- hardware including, (but not limited to) any data processing units, self contained "laptop" or "notebook" computers; internal and/ or peripheral storage devices such as fixed disk drives, external hard disks, floppy disk drives and diskettes, tape drives and tapes, and any other memory storage devise(s); and related communications devices such as modems, cables and connections, RAM or ROM units; any and all devices, mechanism, or parts that can be used to restrict access to computer hardware such as physical keys and locks; any and all computer software programs and their source documentation that may be stored on paper or in electronic or other digital form.

3

Enclosure (1)

1. That your Affiants are Detectives Randolph Pfaff and Danny Silva both of whom are employed with the Wilmington Department of Police and are currently assigned to the Drug, Organized Crime, and Vice Unit. Your affiants have a combined total of 20 years Police experience with 10 years of investigative experience. Your affiants have attended numerous schools, seminars, and training dealing with the illegal distribution of controlled substance as well as the preferred method of drug traffickers and drug dealers. Your affiants have authored, co-authored, and assisted in numerous drug investigations that led to the arrest and conviction of numerous drug offenders in the State of Delaware, County of New Castle.

2. That your affiants can state that on 6 August 2006, your affiants executed the search warrant at 718 Spruce Street Wilmington, DE 19801, for heroin and for the suspect Elvin Dempsey BM Dob 8/24/68.

3. That your affiants can state that on 7 May 07, affiants were contacted by Det. Sgt Sullivan in regards to information he received in reference to a major heroin dealer by the nickname of "Ocbar". The information was received by Det. Sgt Sullivan from a past proven and reliable confidential informant, who had personal knowledge that "Ocbar" was going to be traveling to Philadelphia, PA in the early morning hours of 8 May 07, to pick up a package of heroin. The informant, herein known as CI, said that "Ocbar" drives gold in color Nissan Altima bearing Pennsylvania tags UNKNOWN. Further that the vehicle was a rental car and that when he "Ocbar" returns to Delaware with the package he responds to 941 Kirkwood Street Wilmington to stash (hide) it.

4. That your affiants can state that these affiants are familiar with a subject nicknamed "Ocbar" and know that his real name is Elvin Dempsey BM Dob 8/24/68. That on 8 May 07, affiant Pfaff conducted a warrant check on Elvin Dempsey BM Dob 8/24/68 AKA "Ocbar" and found that he was wanted on a Justice of The Peace Court #20 warrant for Robbery 1st, Possession of a Firearm During the Commission of a Felony.

5. That your affiants can state surveillance was established on 941 Kirkwood Street, Wilmington, DE 19801 by Det. Emory. During said surveillance Det. Emory advised that he spotted a vehicle gold in color Nissan Altima bearing (PA) Tags GPM-3771 and that same was parked out front of 941 Kirkwood Street. He further advised that he identified one of the occupants of the car as Elvin Dempsey Dob 8/24/68 and saw same entering 941 Kirkwood Street. The registration check of the vehicle was conducted by affiant Pfaff and same proved to be a 2007 Nissan Altima registered to Enterprise Leasing out of Radnor, PA, as described by the CI.

6. That your affiants can state that relative to the surveillance a motor vehicle stop was conducted and the subject stopped advised that he/she received a bag of heroin from "Ocbar". The subject further advised that "Ocbar" was inside the house 941 Kirkwood Street and that he was currently in possession of more heroin and possibly armed with a firearm, and that there is a second subject who might also posses a firearm in the house.

Enclosure (1)

Based upon your affiants's training, experience and participation in other drug investigations, your affiants can state:

1) That drug traffickers very often place assets in names other than their own to avoid detection of these assets by government agencies and even though these assets are in other persons' names, the drug trafficker actually own and continues to use these assets and exercise dominion and control over them;

2) That drug traffickers often maintain and finance their on-going narcotics business and firearms in close proximity so as to protect the drugs and assets.

3) That drug traffickers maintain books, records, receipts, notes, ledgers, money orders, and other papers relating to the transportation, ordering, purchase and distribution of illegal controlled substances.

4) That it is common for drug traffickers to secure contraband, proceeds of drug sales and records of drug sales and records of drug transactions in secure locations within their residence and/or businesses for their read access and to conceal from law enforcement officers;

5) That when drug traffickers amass large proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits. To do this drug traffickers utilize domestic banks and their attendant services, securities, cashier checks, money drafts, letters of credit, and real estate and business fronts.

6) That drug traffickers commonly maintain addresses and/or telephone numbers in books or papers that reflect persons associated in drug trafficking and/or distribution organizations.

7) That drug traffickers often take payment in the form of stolen items such as televisions, stereos, VCR'S, guns and/or camera equipment and/or they obtain these items legitimately with drug profits.

8) That your affiants are aware that courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances;

9) That your affiants can state that drug trafficker's only transport enough drugs that they will need to for the sale. They will maintain the other drugs at a secured location, including, but not limited to their residence.

Enclosure (1)

WHEREFORE, this (these) affiants prays (or pray) that a search warrant may be issued authorizing a search of the foresaid (house, place, conveyance, person or persons, or occupants or occupants) in the manner provided by law.

1

SWORN TO AND SUBSCRIBED THIS 8th DAY OF MAY 2007

AFFIANT: _____  DATE: 8 May 07
Randolph Pfaff

AFFIANT: _____  DATE: 8 MAY 07
Danny Silva

_____ May 8, 2007
JUDGE OF THE JUSTICE OF THE PEACE COURT #20
NEW CASTLE COUNTY
STATE OF DELAWARE

7

Enclosure (1)