IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 07-74-GMS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ELVIN DEMPSEY, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR RECONSIDERATION
OF ORDER PERMITTING *EX PARTE* SUBMISSION**

**NOW COMES** the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, Keith M. Rosen, Assistant United States Attorney, and Shawn E. Martyniak, Special Assistant United States Attorney, and hereby respectfully requests the Court reconsider its decision to permit the defendant to make an *ex parte* submission in support of his request for a *Franks* hearing. For the reasons set forth below, allowing such an *ex parte* submission would be contrary to established Third Circuit precedent.

I.   **AN EXCEPTION TO THE GENERAL PROHIBITION AGAINST *EX PARTE* COMMUNICATIONS IN THIS CASE IS CONTRARY TO THIRD CIRCUIT PRECEDENTS**

The defendant is presently pending trial on various drug and firearm offenses arising out of a search warrant executed on May 8, 2007. On November 8, 2007, the defendant moved to suppress the search warrant evidence, contending *inter alia* that a *Franks* hearing was warranted because the search warrant affidavit "contained material misstatements and improper presentation of facts." *See* Defendant's Motion to Suppress ¶11. During a December 13, 2007, conference with the Court, the defendant asked to provide the Court with the alleged basis for the *Franks* hearing *ex parte*. In essence, the defendant asserted that he did not want to disclose

defense strategy by submitting the factual basis for the hearing in open court, and, as a result, wanted the Court to review the information on an *ex parte* basis.¹ The Court granted this application over the government's objection.

Affidavits filed in support of a search warrant are presumptively valid as a matter of law, and the Supreme Court has imposed a stringent burden of proof on defendants seeking a hearing on the validity of a warrant "to prevent the misuse of such hearings for purposes of discovery or obstruction." *United States v. Marranca*, 98 Fed. Appx. 179, 182 (3d Cir. May 28, 2004) (nonprecedential opinion) (citing *Franks v. Delaware*, 438 U.S. 154, 170-1 (1978)). In *Franks*, the Supreme Court held expressly that a defendant must make a "substantial preliminary showing" that the search warrant affidavit contained a false statement which was made knowingly or with reckless disregard for the truth, and which was material to the finding of probable cause. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978); *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006). It is well-established in the Third Circuit that to meet this "substantial" burden, the defendant

> must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses.

*Yusuf*, 461 F.3d at 383 n. 8 (citing *Franks*, 438 U.S. at 171).² By the unequivocal, plain terms of this requirement and the Third Circuit cases applying it, it is clear that a defendant must make his

---

¹This recitation of the portion of the December 13, 2007, hearing is made to the best of the government's recollection; this information was not taken from a Court transcript of the hearing.

²"There must be allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof." *Franks*, 438 U.S. at 171. The government notes that the defendant's motion to suppress contains neither.

2

preliminary showing in a form subject to adversarial testing.[3]

The Third Circuit case law on *Franks* reveals that (a) defendants regularly attempt to meet their "substantial preliminary showing" by providing – in open court, not *ex parte* – witness affidavits, including affidavits <u>from the defendant himself</u>, as well as other documentary evidence; and (b) that the failure to do so results in the denial of the request for a *Franks* hearing. *See, e.g., United States v. Brown*, 3 F.3d 673, 676-77 (3d Cir. 1993) (describing defendant's offer of proof); *Marranca*, 98 Fed. Appx. at 3 (denying request for *Franks* hearing when no public offer of proof made). Not only are defendants required to make their offer of proof openly, the government is afforded an opportunity to file a response contending why the offer of proof does not meet the defendant's burden. *See United States v. Marshall*, 471 F. Supp. 2d 479, 483 (D. Del. 2007).[4]

The Third Circuit has routinely rejected defense efforts to seek *ex parte* or *in camera* review of the evidence in the *Franks* context. In *Brown*, the defendants were unable to meet their preliminary *Franks* burden, and sought disclosure of the identity of a government confidential informant (whose tips were the basis for the warrant) in the hope that it would lead to evidence to help make the required *Franks* showing. *See Brown*, 3 F.3d at 679. The defendants requested that the court conduct an *in camera* review of the informant's identity and the "precise

---

[3] Indeed, the very requirement that the defendant submit an "offer of proof" means, by definition, that he must make his proffer of evidence on the record. *See* Black's Law Dictionary at 1082 (6th ed. 1990).

[4] In *Marshall*, the defendant sought a *Franks* hearing but did not attach to his motion any affidavits or other proof to support his claim. Because the Court (per Judge Robinson) had some "concern" about the search warrant, it offered the defendant "an opportunity to provide the quality of evidence consistent with *Yusuf*." 471 F. Supp. 2d at 483. Most importantly, the Court ordered that the government "may file a response" to the defendant's submission. *Id.*

3

information" that he/she provided. *Id.* at 676. The Third Circuit ruled that this request was properly rejected. *Id.* at 676, 679. In *Marranca* – a case which similarly turned on the statements of a confidential informant – the defendant argued that the district court should have conducted an *ex parte, in camera* review of the confidential informant's statements to determine whether a *Franks* hearing was warranted. *See Marranca*, 98 Fed. Appx. at 182. Once again, the Third Circuit rejected the use of *ex parte* proceedings to determine whether the initial *Franks* burden had been met.

In *Brown* and *Marranca*, the defendants asked the court to review the government's evidence *ex parte*. Despite the fact that the government would not be prejudiced by the *ex parte* procedure (since it was presumably aware of the content of the informant statements), the Third Circuit still rejected the use of an *ex parte* proceeding to make an initial *Franks* determination. In the present case, by contrast, the defendant has asked the Court to review <u>his own evidence</u> *ex parte*. Contrary to *Brown* and *Marranca*, the government would be extremely prejudiced by such a procedure, as it would be flatly denied the opportunity to contest whether the defendant can satisfy his substantial initial burden of proof – an opportunity that this Court reaffirmed in *Marshall*. Accordingly, this Court should follow *Brown*, *Marranca*, and *Marshall*, and reconsider its decision to allow the defendant to proceed *ex parte*.

## II. THE ALLEGED "DEFENSE STRATEGY" RATIONALE DOES NOT SUPPORT AN EXCEPTION TO THE PROHIBITION AGAINST *EX PARTE* COMMUNICATIONS IN THIS CASE

According to defense counsel, an *ex parte* submission is necessary in order to somehow preserve the secrecy of the defense strategy, however that term is defined. This assertion, taken at its face, offers the Court no basis for contravening the normal prohibition against *ex parte*

communications. This is for two reasons.

First, the nature of the defendant's *Franks* claim is plainly set forth in his Motion to Suppress. In that motion, the defendant claims "upon information and belief" that "no motor vehicle stop occurred" as alleged in the affidavit filed in support of the search warrant. *See* Defendant's Motion at ¶14. There is no mystery here about the defendant's claim – the only question is how the defendant will attempt to prove it. But it cannot possibly reveal "defense strategy" for the defendant to offer how he knows that the vehicle stop never occurred – identifying a witness, document, photograph, recording, or other tangible evidence that purportedly will refute the officers' sworn statement has no bearing on whether the defendant possessed the heroin, cocaine, weapons, and ammunition that were found during the search not of the vehicle, but of an entirely different location.

Second, assuming *arguendo* that the defendant's *ex parte* submission persuaded the Court that a *Franks* hearing was warranted, it is the defendant who would bear the burden of proving by a preponderance of the evidence at that hearing that the affiant intentionally or recklessly made a false statement, and that the alleged falsity was material to the original probable cause finding. *See Yusuf*, 461 F.3d at 383; *Brown*, 3 F.3d at 676; *Marshall*, 471 F. Supp. 2d at 482 n.10. At that point the defendant would have to offer in open court the actual evidence in support of the same claim of falsity that he now asserts cannot be made openly. In sum, there is simply no point in violating the prohibition against *ex parte* submissions to preserve "defense strategy" when the very same evidence must be subject to adversarial testing at the very next proceeding.

### III.   CONCLUSION

The Court's December 13 Order allowing the defendant to proceed *ex parte* is contrary to two fundamental principles. First and foremost is the general prohibition against *ex parte* litigation. *Ex parte* proceedings are generally disfavored, and have been described by the Third Circuit as "anathema in our system of justice." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 309 (3d Cir. 2004); *see also United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007). While there are certainly exceptions to this in our system of criminal procedure, *see Wecht*, 484 F.3d at 214, the government is aware of no legal authority to support the claim that an *ex parte* communication is appropriate here.[5] This is especially the case considering that this Court must sit as the fact finder deciding whether the defendant's motion should be granted, and potentially whether the affiants' testimony can be credited in other proceedings.

Second is the presumption that search warrants are valid. The Supreme Court in *Franks* recognized that the mere allegation of falsity by an affiant was insufficient to trigger a hearing. In short, it is one thing to claim that an affiant is a liar; it is quite another thing to prove it. In order to prevent abuses of the suppression motion process, the Supreme Court requires defendants to make a substantial preliminary offer of proof, and subsequent decisions have confirmed that the government is entitled to challenge that offer of proof. *See also Kensington Int'l*, 368 F.3d at 310 (adversarial system plays indispensable role in search for truth).

---

[5] As the court observed in *Kensington Int'l*, "the Code of Conduct for United States Judges cautions that a judge should neither initiate or consider *ex parte* communications on the merits, or procedures affecting the merits, of a pending or impending proceeding." 368 F.3d at 310 (citing Code of Conduct for U.S. Judges Canon 3 § A(4) (2003)).

These principles are essential to the orderly and fair administration of justice. The government respectfully submits that the defendant has offered the Court neither a legal nor a practical reason to compromise these principles by permitting an *ex parte* offer of proof. Accordingly, the government requests that the Court reconsider its December 13, 2007 ruling allowing the defendant to submit information relating to the request for a Franks hearing *ex parte*.

          Respectfully submitted,

          COLM F. CONNOLLY
          United States Attorney

BY: _____/s/_____
      Keith M. Rosen
      Assistant United States Attorney

      Shawn E. Martyniak
      Special Assistant United States Attorney

Dated: December 18, 2007

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-74-GMS |
| Plaintiff, : | |
| v. : | |
| : | |
| ELVIN DEMPSEY, : | |
| : | |
| Defendant. : | |

## ORDER

For the reasons set forth in the Government's Motion for Reconsideration:

IT IS HEREBY ORDERED this _____ day of December, 2007, that the Government's motion is GRANTED. The Court's oral Order of December 13, 2007, permitting the defendant to file any materials in support of his motion for a *Franks* hearing *ex parte* is hereby withdrawn. The defendant shall file any such materials on the record, with copies to the government, no later than _____.


        Honorable Gregory M. Sleet
        Chief Judge
        United States District Court
        District of Delaware