IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| | : | |
| ELVIN DEMPSEY, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S REQUEST TO SUMMARILY DENY DEFENDANT'S MOTION TO SUPPRESS WITHOUT THE REQUIREMENT OF A FORMAL HEARING**

Defendant, Elvin Dempsey, by and through his undersigned counsel, Eleni Kousoulis, hereby respectfully requests that the Court conduct a formal hearing on Mr. Dempsey's Motion to Suppress, pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The defense submits that a hearing is warranted and necessary in the present case.

In support thereof, Mr. Dempsey submits as follows:

1.  In Franks v. Delaware, 438 U.S. 154 (1978), it was held:

"where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

Id. at 155-156.

    2.      Mr. Dempsey maintains that, while there may have been a motor vehicle stop during the officers' surveillance of 941 Kirkwood Street on May 8, 2007, the events surrounding this stop did not occur as described in paragraph 6 of the search warrant affidavit.

    3.      The government in its motion to summarily deny the defendant's motion to suppress, argues that the defendant has failed to "make any showing, substantial or otherwise, that the statement [contained in paragraph 6 of the search warrant affidavit] is false or that it was made with reckless disregard for the truth." (Govt at p. 6 ¶ 19). However, the defense submits that it has a witness who is prepared to testify concerning the facts surrounding the motor vehicle stop referenced in paragraph 6 of the search warrant affidavit and whose testimony will contradict the allegations set forth in this paragraph. The defense maintains that no drugs were found during the course of this stop and that the events of the stop did not occur as set forth in this paragraph.[1]

    4.      Should the Court find the defense's evidence on this point credible, then it would call into question the truthfulness of the information provided in paragraph 6 of the search warrant

---

[1] At the scheduling conference in this case held on December 13, 2007, the Court granted the defense's request to make an *ex parte* submission in support of its request for a Franks hearing. On December 18, 2007, the government submitted a motion asking the Court to reconsider its decision to allow the defense to make such an *ex parte* submission, arguing that Franks requires that the defense make a substantial preliminary showing of knowing or intentional falsehood, or reckless disregard for the truth, in open court. (Govt. at p. 3.) The defense maintains that it has provided the government in ¶¶ 2 and 3 of the instant motion, with a sufficient basis of what evidence the defense expects to produce at a hearing with respect to the material misstatements the defense maintains are contained in the affidavit. The defense would also point out that the government has not provided the defense with any discovery concerning the allegations raised in ¶ 6 of the search warrant affidavit. In fact, the information contained in paragraph 6 of the affidavit does not appear in any of the police reports or other discovery that has been provided to the defense thus far. Per the Court's prior ruling, the defense has provided the Court, under seal and *ex parte*, with an affidavit to support its claim that paragraph 6 of the search warrant affidavit contains material misrepresentations which call into question whether probable cause in fact existed to support the issuance of the search warrant in this case.

affidavit.

5.	It is the defense's position that the information contained in paragraph 6 is necessary for the finding of probable cause. Should the Court find that the defense has established the falsity of this information by a preponderance of the evidence, the information in this paragraph, pursuant to Franks, would have to be excised from the affidavit. Without this information, the affidavit's remaining content would be insufficient upon which to base a finding of probable cause to justify a search of 941 Kirkwood Street. See *Defendant's Motion to Suppress Physical Evidence and Statements*.

**WHEREFORE**, Mr. Dempsey respectfully requests that this Court conduct a formal hearing in this case to further develop the facts related to this motion.

            Respectfully submitted,

            /s/
            Eleni Kousoulis
            Assistant Federal Public Defender

            Attorney for Elvin Dempsey

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: December 21, 2007