IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| | : | |
| ELVIN DEMPSEY, | : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Elvin Dempsey, by and through his undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, respectfully submits this Reply Memorandum to the Government's Post-Hearing Response. For the reasons set forth below, Mr. Dempsey seeks to exclude the Government's admission, at trial, of any and all physical evidence illegally seized by law enforcement officials on or about May 8, 2007, including any and all statements made subsequent to the illegal search.

In its Post-Hearing Response, the Government argues that Mr. Pittman's testimony "does not make sense," and that the Court should credit the detectives' inconsistent testimony in this matter. (Govt's Post-Hearing Response at 12). First, the Government argues that Mr. Pittman's testimony should not be credited because of the detectives' "tactical questions," the fact that he did not say anything about heroin and because the informant's tip had been "affirmed." (Govt's Post-Hearing Response at 12).

To the contrary, the informant's tip had not been confirmed, as no officer testified that they saw any drug activity or corroborating information during their surveillance of 941 Kirkwood Street,

and the officers mistakenly followed Mr. Pittman to a hospital, despite their alleged familiarity with Mr. Dempsey.[1] Thus, at this point, law enforcement officials erroneously acted on an uncorroborated tip that resulted in a traffic stop of Mr. Pittman and Ms. Watson, and no evidence.

Second, the Government argues, without support, that Mr. Pittman's testimony should be discredited simply because he is friends with Mr. Dempsey and was a heroin user. Mr. Pittman, who testified under oath, freely admitted his drug use, and his credibility should not be instantly discredited or dismissed because of those facts. The Government presented no evidence indicating that Mr. Pittman was under the influence at the time of the traffic stop. Additionally, during the evidentiary hearing, the Government presented the detectives' testimony regarding Mr. Pittman's alleged fear of Mr. Dempsey, which runs counter to the argument now advanced in its Post-Hearing Brief.

Third, the Government highlights Mr. Pittman's testimony that he did not have a plastic bag on him at the time of the traffic stop, but ignores the detectives' inconsistent testimony regarding the alleged bag. None of the officers could recall who searched Mr. Pittman, who found the bag and what happened to this evidence, which calls into the question the testimony regarding the basis for the search warrant affidavit. More significantly, the detectives testified that they did not preserve this evidence because it lacked value, but they found the alleged plastic bag to be of enough evidentiary value to warrant its inclusion in the search warrant affidavit. This lack of evidence supports Mr. Pittman's testimony that he did not have a bag, and significantly rebuts the detectives' inconsistent testimony.

As previously argued, Mr. Pittman's affidavit and testimony, which is supported by Ms.

---

[1] Mr. Dempsey previously noted in his Memorandum of Law that law enforcement officials' prior search at a different residence did not produce any narcotics or firearms.

Watson's testimony, demonstrates that the law enforcement officials recklessly included facts in the search warrant affidavit when they had "obvious reasons to doubt the truth of what" they asserted. Wilson v. Russo, 212 F.3d 781, 783 (3d Cir. 2000). Without the inclusion of the false statements in the affidavit, the officers lacked probable cause to search Mr. Dempsey and his home. Accordingly, all evidence, including any alleged statements, must be suppressed pursuant to Franks v. Delaware, 438 U.S. 154 (1978). See also, Wong-Sun v. United States, 471 U.S. 407 (1963). For the foregoing reasons, and those previously argued, Mr. Dempsey submits that this Court must suppress all physical evidence in this matter because it is the fruit of the officers' unlawful activities.

                    Respectfully submitted,

                    /s/ Eleni Kousoulis
                    Eleni Kousoulis, Esquire
                    Assistant Federal Public Defender

                    Attorney for Defendant, Elvin Dempsey

Federal Public Defender
One Customs House
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com