IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| ELVIN DEMPSEY, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

The defendant, Elvin Demspey, through undersigned counsel, Eleni Kousoulis, Assistant Federal Public Defender, hereby moves this Honorable Court for an Order: (1) bifurcating for trial the Felon in Possession charge, which represent Counts Three of the Indictment, from the other counts in the Indictment; (2) excluding at trial any testimony related to information provided by the confidential informant or any statements made by the confidential informant in this case; (3) prohibiting the government from introducing evidence of Mr. Dempsey's prior convictions for purposes of impeachment; and (4) requiring the government to advise counsel, substantially prior to trial, of any uncharged offense, alleged wrongs, other 404(b) material, or other impeaching material which the government may or might use during trial against the defendant for any purpose.

As grounds for this motion, the defendant submits as follows:

Mr. Dempsey is charged in a three-count Indictment with Possession With Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Trial in this matter is scheduled to

begin on September 15, 2008.

**(1)    Bifurcation of the Felon in Possession of a Firearm and Possession of Ammunition Charges from the Other Charges in the Indictment**

Mr. Dempsey respectfully requests that the Court bifurcate for trial the charge of Felon in Possession of a Firearm (Counts Three), from the other counts of the Indictment, and allow the jury to first consider the Possession with Intent to Distribute Heroin charge (Counts One), and the Possession of a Firearm During a Drug Trafficking Crime charge (Count Two), before hearing evidence that Mr. Dempsey is a convicted felon. The defense is prepared to stipulate that Mr. Dempsey has a prior felony conviction. Therefore, with regard to the Felon in Possession charge, the only issue in the present case will center on whether Mr. Dempsey possessed the firearm, rather than on his felony status.

It is Mr. Dempsey's contention that should the jury hear evidence of his prior felony conviction, this information could prejudice the jury against Mr. Dempsey as it decides the other charges for which he stands accused. It has been recognized that:

> [a] defendant's interest in avoiding the introduction of prior crimes evidence is clear and compelling. "The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence."

United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992) (quoting United States v. Daniels, 770 F.2d 1111, 1118) ( D.C. Cir. 1985).

In the instant case, the jury is likely to be negatively affected by even learning that Mr. Dempsey is a felon. To avoid that undue prejudice, the jury could consider the possession aspect separately from whether Mr. Dempsey was a felon. As the jury will already be required to determine

whether or not Mr. Dempsey possessed the firearm when it considers the Possession of a Firearm During a Drug Trafficking Crime charge, and because the defense will stipulate to Mr. Dempsey's prior felony status, neither the jury or the Court would be unduly inconvenienced should the charges be bifurcated.

The Third Circuit has specifically endorsed the bifurcation of proceedings Mr. Dempsey suggests. See United States v. Joshua, 976 F.2d 844 (3d Cir. 1992). In upholding the district court's decision in Joshua to bifurcate the felon in possession charge from the other charges, the Third Circuit noted the importance of striking the "appropriate balance between concern about prejudice to the defendant and considerations of judicial economy." Id. at 848. Similarly, in United States v. Barnes, 2005 U.S. Dist. LEXIS 16200 (E.D. Pa. Aug. 8, 2005), the district court for the Eastern District of Pennsylvania granted the defendant's motion to bifurcate the possession of a firearm by a felon charge from the other charges, adopting the reasoning set forth by the Third Circuit in Joshua. See id. at *23.

**(2)    Exclusion of Testimony Relating to Any Statements or Information Provided by the Confidential Informant**

The government has indicated that it will not be calling the confidential informant as a witness at trial. During the course of the investigation in this case, it is alleged that the confidential informant provided certain information to law enforcement officers regarding Mr. Dempsey's alleged involvement in drug dealing. Because the confidential informant will not be testifying at the trial, Mr. Dempsey moves to exclude any other witnesses from testifying as to any statements or information provided by the confidential informant. The introduction at trial of the confidential informant's statements through other witnesses would require this Court to admit hearsay evidence, and would

3

also violate Mr. Dempsey's Sixth Amendment right to confront the witnesses against him. It should therefore be excluded.

**(3)     Exclusion of Mr. Dempsey's Prior Record for Purposes of Impeachment**

Mr. Dempsey also contends that all references to his prior convictions be excluded from trial for purposes of impeachment in the event Mr. Dempsey chooses to testify. Mr. Dempsey's prior convictions are both from 1999, and are for Trafficking in Cocaine and Possession with Intent to Deliver Cocaine. He has no convictions for crimes involving dishonesty.

Federal Rule of Evidence 609(a)(1) provides that "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." In addition, the Supreme Court has established the guidelines that govern the admissibility of prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992). Due to the interrelation of these issues, they will be discussed together.

This Court should exclude evidence of a prior conviction where the prejudicial value outweighs the probative value and where the impeachment of the defendant is the sole purpose for the introduction of the evidence. Gordon v. United States, 383 F.2d 936 (D.C.Cir. 1967). The fear is that juries may convict, not for the crime charged, but because they believe the accused is a "bad" person:

> The exclusion of bad acts evidence is founded not on a belief that the evidence is

4

irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations . . . Such reliance by the trier of fact offends the "long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice'."

United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (citations omitted).

In the present case, should Mr. Dempsey testify, the prejudicial effect of any prior convictions will prevent the jury from fairly considering Mr. Dempsey's testimony because it will assume, based upon his prior conviction for drug offenses, that he is also guilty of the present offenses. The similarity between his prior drug offenses and the instant offenses makes it highly prejudicial evidence.

In addition, the nature of Mr. Dempsey's prior convictions bears no relationship to his propensity for truthfulness at trial. The probative value of the evidence of his prior convictions for purposes of impeachment is strongly outweighed by the unduly prejudicial nature of the offenses. The admission of these prior convictions would undermine Mr. Dempsey's right to a fair determination of his credibility and innocence because of the highly inflammatory effect that his record will have on the jury. Cf. Old Chief, 519 U.S. 172 (1997) (holding in the context of a felon in possession count that "[a] district court abuses its discretion under Rule 403 if it . . .admits the full record . . .when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of the prior conviction"); United States v. Cook, 538 F.2d 1000, 1004 (3d Cir. 1976) (same).

**(4)    Pre-Trial Disclosure of 404(B) Material, Other Alleged Charged and Uncharged Offenses, Wrongs and Acts**

Defendant respectfully requests that this Court require the government to advise counsel, substantially prior to trial, of any uncharged offense, alleged wrongs, other 404(b) material, or other

impeaching material which the government may or might use during trial against the defendant for any purpose.

Defendant is charged in a three-count Indictment with knowingly possessing with the intent to distribute heroin, a controlled substance, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(c); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). To sustain the charges in the indictment, the government will be required to prove the defendant knowingly and willfully committed the substantive counts against him. <u>Scienter</u> is often established with circumstantial evidence. To that extent, the government may introduce evidence of other acts and/or wrongs aside from those alleged in the Indictment to show a defendant's intent and knowledge.

The defendant believes that, during some phase of trial, the government may attempt to introduce into evidence 404(b) material, or other evidence not reflected in the Indictment. The defendant is aware of Rule 404(b) of the Federal Rules of Evidence, which provides in part as follows:

> B.  other crimes, wrongs or acts.
> Evidence of other crimes, wrongs or acts is not admissible to prove the character of the person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Of course, the defendant does not quarrel with the proposition that under certain circumstances this type of evidence may be admissible. The defendant, however, has the right to

6

stand trial for this offense without having the trier of fact consider evidence of unrelated matters which would prejudice the defendant and deny him his right to a fair trial herein. <u>United States v. Schwartz</u>, 790 F.2d 1059 (3rd Cir. 1986), <u>United States v. Able</u>, 105 S.Ct. 465 (1984), <u>United States v. Luce</u>, 105 S.Ct. 460 (1984). Defendant merely requests that the government be required to disclose the nature of this evidence and the witnesses, if any, which the government intends to rely on in establishing any evidentiary foundation.

      Legal arguments over admissibility of such evidence will lengthen and complicate this trial. Introduction of this type of evidence will require important legal issues to be argued and decided on the spur of the moment, thus possibly placing the defendant in a prejudicial position as the evidence may be surprising and in any case, the defendant will not be prepared to defend same. To avoid these potential problems, the defendant requests that this Court order the government to produce substantially prior to trial, in narrative form, the details of any uncharged offenses (or any other 404(b) material), and any other evidence of the kind, it may seek to introduce at trial against the defendant, for impeaching purposes, or for establishing any elements under the applicable statutes. The narrative shall set forth the particulars so that admissibility can be determined. This procedure would permit the defendant to move pre-trial to exclude such evidence, prevent surprise, and expedite the trial of this matter by preventing interruptions through legal arguments that could be disposed of pretrial.

      It is important that defense counsel has notice of this possible evidence, and the admissibility thereof, to enable the defense to intelligently select a trial strategy so that defendant is not denied his Fifth Amendment right to due process of law.

WHEREFORE, for the foregoing reasons, Mr. Dempsey respectfully requests that the Court issue an Order: (1) bifurcating the Felon in Possession charge from the other charges in the Indictment; (2) excluding at trial any testimony relating to any information provided by the confidential informant or any statements made by the confidential informant in this case; and (3) prohibiting the government from introducing evidence of Mr. Dempsey's prior convictions for impeachment, and (4) requiring the government to advise counsel, substantially prior to trial, of any uncharged offense, alleged wrongs, other 404(b) material, or other impeaching material which the government may or might use during trial against the defendant for any purpose.

Respectfully submitted,

 /s/ Eleni Kousoulis
ELENI KOUSOULIS, ESQUIRE
Assistant Federal Public Defender
Federal Defender's Office
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com

Attorney for Defendant Elvin Dempsey

Dated: August 19, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 07-74-GMS |
| | : |
| ELVIN DEMPSEY, | : |
| | : |
| Defendant. | : |

## **ORDER**

Having considered Defendant's Motion in Limine to bifurcate for trial certain counts of the Indictment,

**IT IS HEREBY ORDERED** this _____ day of _____, 2008, that the charge of Felon in Possession of a Firearm, representing Count Three of the Indictment, be bifurcated for trial from the charges of Possession with Intent to Distribute Heroin and Possession of a Firearm During a Drug Trafficking Crime, representing Counts One and Two of the Indictment; and the jury will deliberate on Counts One and Two prior to hearing evidence of the defendant's prior felony conviction.

BY THE COURT:

_____
**HONORABLE GREGORY M. SLEET**
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| ELVIN DEMPSEY, | : | |
| Defendant. | : | |

# **ORDER**

Having considered Defendant's Motion in Limine,

**IT IS HEREBY ORDERED** this _____ day of _____, 2008, that any testimony relating to any statements or information provided by the confidential informant in this case is hereby excluded at trial.

BY THE COURT:

_____
**HONORABLE GREGORY M. SLEET**
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| ELVIN DEMPSEY, | : | |
| Defendant. | : | |

## **ORDER**

Having considered Defendant's Motion in Limine,

**IT IS HEREBY ORDERED** this _____ day of _____, 2008, that any all references to Mr. Dempsey's prior convictions for purposes of impeachment are hereby excluded at trial.

BY THE COURT:

_____
**HONORABLE GREGORY M. SLEET**
Chief Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-74-GMS |
| | : | |
| ELVIN DEMPSEY, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this _____ day of _____, 2008, upon consideration of the within Motion for Pre-Trial Disclosure of Government's Intention to Rely Upon All Other Crimes or Other Wrongs Evidence, Other 404(B) Material, it is **ORDERED** and **DECREED** that the government disclose to the defendant its intention to rely upon evidence of similar crimes, acts or wrongs and the identities of those persons which the government intends to rely upon to demonstrate the aforementioned evidence.

BY THE COURT:

_____
**HONORABLE GREGORY M. SLEET**
Chief Judge, United States District Court