IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-74-GMS |
| | ) | |
| ELVIN DEMPSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **JOINT PROPOSED REQUEST FOR JURY INSTRUCTIONS**

COLM F. CONNOLLY
United States Attorney

Shawn E. Martyniak
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277

Eleni Kousouslis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE 19801
Attorney for Defendant Dempsey

Dated:      August 20, 2008

# TABLE OF CONTENTS

PAGE

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    DUTY OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    RULES FOR CRIMINAL CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

    SUMMARY OF APPLICABLE LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

    COURSE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

FINAL INSTRUCTIONS (GENERAL) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

    ROLE OF JURY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

    EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

    DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . -10-

    CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

    NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED . . . . . . . . . . . . . . . . -14-

    PRESUMPTION OF INNOCENCE; BURDEN OF PROOF;
        REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

    ON OR ABOUT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-

    AUDIO/VIDEO RECORDINGS - TRANSCRIPTS . . . . . . . . . . . . . . . . . . . . . . -18-

    OPINION EVIDENCE (EXPERT WITNESSES) . . . . . . . . . . . . . . . . . . . . . . . . -19-

    SPECIFIC INVESTIGATION TECHNIQUES NOT REQUIRED . . . . . . . . . . . . -20-

    CREDIBILITY OF WITNESSES – LAW ENFORCEMENT OFFICER . . . . . . . . . -21-

    DEFENDANT'S CHOICE NOT TO TESTIFY OR PRESENT EVIDENCE . . . . . . -22-

    DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-

## TABLE OF CONTENTS CONTINUED

PAGE

ELEMENTS OF THE OFFENSES CHARGED ................................. -24-

    POSSESSION WITH INTENT TO DISTRIBUTE HEROIN ................... -24-

    POSSESSION DEFINED – (GOVERNMENT'S VERSION) ................. -25-

    POSSESSION DEFINED - (DEFENDANT'S VERSION) ................... -26-

    DISTRIBUTE DEFINED ........................................... -28-

    CONTROLLED SUBSTANCES – INTENT TO DISTRIBUTE DEFINED ....... -29-

    CONTROLLED SUBSTANCE DEFINED ............................... -30-

    KNOWINGLY OR INTENTIONALLY DEFINED ........................ -31-

POSSESSION OF A FIREARM IN FURTHERANCE OF A
DRUG TRAFFICKING CRIME ........................................ -32-

    ELEMENTS OF THE OFFENSE ..................................... -32-

    FIREARM OFFENSES – KNOWING POSSESSION DEFINED
        (GOVERNMENT'S VERSION) .................................. -33-

    FIREARM OFFENSES – KNOWING POSSESSION DEFINED
        (DEFENDANT'S VERSION) ................................... -35-

    PROOF OF REQUIRED STATE OF MIND – INTENTIONALLY, KNOWINGLY
        (DEFENDANT OBJECTS) .................................... -37-

    FIREARM DEFINED ............................................. -38-

    "IN FURTHERANCE OF" DEFINED ................................ -39-

DELIBERATIONS AND VERDICT ....................................... -40-

    INTRODUCTION ................................................ -40-

    UNANIMOUS VERDICT .......................................... -41-

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -42-

## TABLE OF CONTENTS CONTINUED

**PAGE**

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -43-

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -44-

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -45-

POST VERDICT INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-

POSSESSION OF A FIREARM BY A FELON . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-

STIPULATION OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -47-

FIREARM OFFENSES – IN OR AFFECTING INTERSTATE OR FOREIGN
        COMMERCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -48-

EVIDENCE OR PRIOR CONVICTION OF DEFENDANT CHARGED
        WITH POSSESSION OF A FIREARM BY A CONVICTED FELON
        (18 U.S.C. § 922(g)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -49-

PROPOSED VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -50-

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -50-

PROPOSED VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -52-

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -52-

## PRELIMINARY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not.

Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that I have excluded or told you to disregard is not evidence and must

not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and

must be disregarded. You are to decide the case solely on the evidence presented

here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof

of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which

you may infer or conclude that other facts exist. I will give you further instructions on these as well

as other matters at the end of the case, but have in mind that you may consider both kinds of

evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and

how much of any witness' testimony to accept or reject. I will give you some guidelines for

determining the credibility of witnesses at the end of the case.

**Rules for Criminal Cases**

As you know, this is a criminal case. There are three basic rules about a criminal case that

you must keep in mind.

First, a defendant is presumed innocent unless proven guilty. The indictment against the

defendant brought by the government is only an accusation, nothing more. It is not proof of guilt

or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case. A defendant does not

have the burden of proving his innocence, or to present any evidence, or to testify. Since the

defendant has the right to remain silent, the law prohibits you in arriving at your verdict from

considering that the defendant may not have testified.

Third, in order to prove the defendant guilty, the government must prove his guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## Summary of Applicable Law

In this case the defendant is charged with violations of the federal narcotics and firearms laws. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offenses that the government must prove to make its case.

In Count I, the Indictment charges the defendant with possession with intent to distribute heroin. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**      **that Elvin Dempsey possessed a controlled substance;**

**Second:**      **that Elvin Dempsey possessed the controlled substance knowingly or intentionally;**

**Third:**      **that Elvin Dempsey intended to distribute the controlled substance; and**

**Fourth:**      **that the controlled substance was heroin.**

The defendant has also been charged in Count II with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The offense alleged in Count I is a drug trafficking crime.

In order to find Elvin Dempsey guilty of this offense, you must find that the government

-3-

proved each of the following elements beyond a reasonable doubt:

**First:**    **that Elvin Dempsey committed the crime of possession with intent to distribute heroin, as charged in Count I of the indictment; and**

**Second:**    **that Elvin Dempsey knowingly possessed a firearm in furtherance of that crime. If you find Elvin Dempsey possessed the firearm, you must consider whether the possession was in furtherance of possession with intent to deliver heroin.**

## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are

-4-

instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case. So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**Course of the Trial**

The trial will now begin. First, the prosecutor will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the Court will instruct you on the law and the attorneys will present their closing arguments to summarize and interpret the evidence for you. After that, you will retire to deliberate on your verdict.

## FINAL INSTRUCTIONS (GENERAL)

### Role of Jury

Members of the jury, you have seen and heard all the evidence, and soon you will hear the arguments of the lawyers. Before that, however, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

Model Criminal Jury Instructions, Third Circuit, § 3.01 (modified)

## **Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

*((4) Any facts that have been judicially noticed--that is, facts which I say you may accept as true even without other evidence.)*

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be

received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

Model Criminal Jury Instructions, Third Circuit, § 3.02

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial *(or indirect)* evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

Model Criminal Jury Instructions, Third Circuit, §3.03

### Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

Model Criminal Jury Instructions, Third Circuit, §3.04

## **Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

*[In this case, the (name of defendant) [presented evidence] [produced witnesses]. (Name) is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. The defendant has no burden to prove anything. The only party that has a burden of proof is the government.]*

Model Criminal Jury Instructions, Third Circuit, §3.05 (modified)

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendant, Elvin Dempsey, pleaded not guilty to the offenses charged. Elvin Dempsey, is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Elvin Dempsey unless and until the government has presented evidence that overcomes that presumption by convincing you that Elvin Dempsey is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find Elvin Dempsey not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Elvin Dempsey has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Elvin Dempsey is guilty and this burden stays with the government throughout the trial.

In order for you to find Elvin Dempsey guilty of the offenses charged, the government must convince you that Elvin Dempsey is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

Model Criminal Jury Instructions, Third Circuit, §3.06

## **On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Model Criminal Jury Instructions, Third Circuit, §3.08

## **Audio/Video Recordings  - Transcripts**

You have heard audio recordings that were received in evidence, and you saw written transcripts of the recordings.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers.  But remember, you must decide who you actually heard speaking in the recording.  The names on the transcript were used simply for your convenience.

Draft Model Criminal Jury Instructions, 3d Circuit, § 4.06.

## Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from witnesses the Court recognized as experts. Because of their knowledge, skill, experience, training, or education, these witnesses *were* permitted to offer an opinion in that field and the reasons for that opinion.

The opinion these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard an opinion entirely if you decide that the opinion was not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

Model Criminal Jury Instructions, Third Circuit, § 4.08

**Specific Investigation Techniques Not Required**

During the trial you may have heard that the government did not use specific investigative techniques such as DNA analysis or fingerprint analysis. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to gather DNA or fingerprint evidence or offer DNA or fingerprint evidence.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

Model Criminal Jury Instructions, Third Circuit, § 4.14

## <u>Credibility of Witnesses – Law Enforcement Officer</u>

You have heard the testimony of a law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

*[At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that (his)(her) testimony may be colored by a personal or professional interest in the outcome of the case.]*

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

Model Criminal Jury Instructions, Third Circuit, § 4.18

## Defendant's Choice not to Testify or Present Evidence

Elvin Dempsey did not testify *(and/or did not present evidence)* in this case. A defendant has an absolute constitutional right not to testify *(or to present any evidence)*. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Elvin Dempsey did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Elvin Dempsey did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

Model Jury Instructions, Third Circuit, § 4.27

### **Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Elvin Dempsey testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

Model Jury Instructions, Third Circuit, § 4.28



## ELEMENTS OF THE OFFENSES CHARGED

### POSSESSION WITH INTENT TO DISTRIBUTE HEROIN

The defendant, Elvin Dempsey, is charged in the indictment with committing the offense of knowingly possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). This offense has four essential elements, which are:

**First:**    that Elvin Dempsey possessed a controlled substance;

**Second:**    that Elvin Dempsey possessed the controlled substance knowingly or intentionally;

**Third:**    that Elvin Dempsey intended to distribute the controlled substance; and

**Fourth:**    that the controlled substance was heroin.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841A

### **Possession Defined** – (GOVERNMENT'S VERSION)

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that Elvin Dempsey physically held the controlled substance, that is, had actual possession of it. As long as the controlled substance was within Elvin Dempsey's control, he possessed it. If you find that Elvin Dempsey either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in Elvin Dempsey's physical possession - that is, that Elvin Dempsey had the ability to take actual possession of the substance when Elvin Dempsey wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that Elvin Dempsey had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-1

-25-

## Possession Defined (DEFENDANT'S VERSION)

You must find that Elvin Dempsey possessed the controlled substance. To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that Elvin Dempsey physically held the controlled substance, that is, had actual possession of it. If you find that the government has proved beyond a reasonable doubt that Elvin Dempsey either had actual possession of the controlled substance, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proved possession. To establish possession, the government must prove that Elvin Dempsey knew of the existence of the controlled substance and had control over it. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

The law recognizes that possession can be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. But understand that just being present where an item is located does not equal possession. Mere physical proximity to an item is not the same thing as possession of that item. Possession of a controlled substance cannot be found solely on grounds that Elvin Dempsey was at or near or close to the controlled substance. Nor can possession be found simply because the Elvin Demspey was present at the scene or on the property where the controlled substance is located or solely because Elvin Dempsey associated with a person who did control the controlled substance. Evidence in addition to knowledge and access to the controlled substance is necessary to prove possession.

The government must prove beyond a reasonable doubt that Elvin Demspey had possession of the controlled substance charged in the Indictment, and knew that he did, for you to find him guilty of this offense.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-1; United States v. Bonham, 477 F.2d 1137 (3d Circuit 1973); United States v. Jenkins, 90 F.3d 814 (3d Cir 1996).

**Distribute Defined**

To distribute, as used in the offenses charged, means to deliver or to transfer possession or control of a controlled substance from one person to another.

To distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-2

## Controlled Substances – Intent to Distribute Defined

In order to find Elvin Dempsey guilty of possession of a controlled substance with intent to distribute, as charged in Count I of the Indictment, you must find that the government proved beyond a reasonable doubt that Elvin Dempsey intended to distribute a mixture or substance containing a controlled substance. To find that Elvin Dempsey had the intent to distribute, you must find that Elvin Dempsey had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether Elvin Dempsey had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including Elvin Dempsey's words and actions. In determining Elvin Dempsey's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-5

-29-

## **Controlled Substance Defined**

You are instructed that, as a matter of law, heroin is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Elvin Dempsey possessed with intent to distribute heroin.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-3

### Knowingly or Intentionally Defined

To act knowingly, as used in the offense charged, means that Elvin Dempsey was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that Elvin Dempsey knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that Elvin Dempsey intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that Elvin Dempsey knew that what he possessed with the intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact heroin. However, as long as you find that the government proved beyond a reasonable doubt that Elvin Dempsey knew that what he possessed with the intent to distribute was a controlled substance, you need not find that Elvin Dempsey knew that the controlled substance was heroin.

In deciding whether Elvin Dempsey acted "knowingly or intentionally," you may consider evidence about what Elvin Dempsey said, what Elvin Dempsey did and failed to do, how Elvin Dempsey acted, and all the other facts and circumstances shown by the evidence that may prove what was in Elvin Dempsey's mind at that time.

Model Criminal Jury Instructions, Third Circuit, § 6.21.841-4

## POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

### ELEMENTS OF THE OFFENSE

Count II of the indictment charges Elvin Dempsey with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The offense alleged in Count I is a drug trafficking crime.

In order to find Elvin Dempsey guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First:** that Elvin Dempsey committed the crime of possession with intent to distribute heroin, as charged in Count I of the indictment; and

**Second:** that Elvin Dempsey knowingly possessed a firearm in furtherance of that crime. If you find Elvin Dempsey possessed the firearm, you must consider whether the possession was in furtherance of possession with intent to deliver heroin.

Model Criminal Jury Instructions, Third Circuit, § 6.18.924A

-32-

**<u>Firearm Offenses – Knowing Possession Defined</u> (GOVERNMENT'S VERSION)**

To establish the second element of the offense, the government must prove that Elvin Dempsey possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that Elvin Dempsey physically held the firearm, that is, had actual possession of it. As long as the firearm was within Elvin Dempsey's control, he possessed it. If you find that Elvin Dempsey either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in Elvin Dempsey's physical possession - that is, that Elvin Dempsey had the ability to take actual possession of the object when Elvin Dempsey wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. If you find that Elvin Dempsey had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Mere proximity to the firearm or mere presence on the property where it is located or mere association with the person who does control the firearm or the property, is insufficient to support a finding of possession.

Proof of ownership of the firearm is not required.

-33-

The government must prove that Elvin Dempsey knowingly possessed the firearm described in the indictment. This means that Elvin Dempsey possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that Elvin Dempsey knew the object was a firearm.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922G-4

**Firearm Offenses – Knowing Possession Defined (DEFENDANT'S VERSION)**

To establish the second element of the offense, the government must prove that Elvin Dempsey knowingly possessed the firearm in question. To "possess" a firearm means to have it within a person's control. The government does not have to prove that Elvin Dempsey physically held the firearm, that is, had actual possession of it. If you find that the government has proved beyond a reasonable doubt that Elvin Dempsey either had actual possession of the firearm, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proved possession. To establish possession, the government must prove that Elvin Dempsey knew of the existence of the firearm and had control over it. Possession may be momentary or fleeting. Proof of ownership of the firearm is not required.

The law recognizes that possession can be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. But understand that just being present where an item is located does not equal possession. Mere physical proximity to an item is not the same thing as possession of that item. Possession of a firearm cannot be found solely on grounds that Elvin Dempsey was at or near or close to the firearm. Nor can possession be found simply because the Elvin Demspey was present at the scene or on the property where the firearm is located or solely because Elvin Dempsey associated with a person who did control the firearm. Evidence in addition to knowledge and access to the firearm is necessary to prove possession.

The government must also prove that Elvin Dempsey acted knowingly. This means that the government must prove beyond a reasonable doubt that Elvin Dempsey possessed the firearm purposely and voluntarily, and not by accident or mistake, and that he knew the object was a firearm.

-35-

The government must prove beyond a reasonable doubt that Elvin Demspey had possession of the firearm charged in the Indictment, and knew that he did, for you to find him guilty of this offense.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922G-4; United States v. Bonham, 477 F.2d 1137 (3d Circuit 1973); United States v. Jenkins, 90 F.3d 814 (3d Cir 1996).

**Proof Of Required State of Mind – Intentionally, Knowingly (DEFENDANT OBJECTS)**

Often the state of mind *(intent, knowledge)* with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, Elvin Dempsey's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine Elvin Dempsey's state of mind, what Elvin Dempsey intended or knew at a particular time, you may consider evidence about what Elvin Dempsey said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Elvin Dempsey's state of mind.

You may also consider the natural and probable results or consequences of any acts Elvin Dempsey knowingly did, and whether it is reasonable to conclude that he intended those results or consequences. You may find, but you are not required to find, that Elvin Dempsey knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person in Elvin Dempsey's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that he did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

Model Criminal Jury Instructions, Third Circuit, § 5.01

-37-

## **Firearm Defined**

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922A-2

### **"In Furtherance Of" Defined**

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of possession with intent to deliver heroin.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

Model Criminal Jury Instructions, Third Circuit, § 6.18.924A-1

## DELIBERATIONS AND VERDICT

### Introduction

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do is select a foreperson. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.01

**Unanimous Verdict**

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt as to the crime charged in that Count of the Indictment.

To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of each defendant with respect to each Count of the Indictment, you then return to the courtroom. Your foreperson, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.03

**Duty to Deliberate**

Now that all the evidence is in, once the arguments are completed you will be free to talk about the case in the jury room. In fact, it will be your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.04

## Punishment

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.05

**Verdict Form**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.06

**Court Has No Opinion**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.09

## POST VERDICT INSTRUCTIONS

### Possession of a Firearm by a Felon

Now that you have completed your initial deliberations, you must consider Count III of the indictment. In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

**First:** That Elvin Dempsey was previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

**Second:** That after this conviction, Elvin Dempsey knowingly possessed a Taurus .22 caliber handgun, Model PT22, serial number AYG637960; and

**Third:** That Elvin Dempsey's possession was in or affecting interstate or foreign commerce.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922G-1

## **Stipulation of Fact**

The Government and the defendant have agreed that Elvin Dempsey has been previously convicted of a crime punishable by imprisonment for a term exceeding one year, a felony. You should therefore treat this fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

Model Criminal Jury Instructions, Third Circuit, § 4.02

**Firearm Offenses – In or Affecting Interstate or Foreign Commerce Defined**

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the indictment, a Taurus .22 caliber handgun, Model PT22, serial number AYG637960 was in or affecting interstate commerce.

This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line or the United States border. The government does not need to prove that Elvin Dempsey himself carried it across a state line or the United States, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that Elvin Dempsey knew that the firearm had traveled in interstate commerce.

In this regard, there has been evidence that the firearm in question was manufactured in a different state or country than the state where Elvin Dempsey is charged with possessing it. You are permitted to infer from this fact that the firearm traveled in interstate commerce; however, you are not required to do so.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922G-5

## Evidence of Prior Conviction of Defendant Charged with Possession of a Firearm by a
## Convicted Felon (18 U.S.C. § 922(g))

You heard evidence *(through a stipulation)* that the defendant was convicted before this incident in New Castle Superior Court in and for the State of Delaware of a crime punishable by imprisonment for a term exceeding one year. This prior conviction was brought to your attention only because it tends to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment. You are not to speculate as to the nature of the conviction. You may not consider the prior conviction in deciding whether Elvin Dempsey was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed this crime on May 08, 2007, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned. You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

Model Criminal Jury Instructions, Third Circuit, § 6.18.922G-3

**PROPOSED VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-74-GMS |
| | ) |
| ELVIN DEMPSEY, | ) |
| | ) |
| Defendant. | ) |

**VERDICT FORM**

As to Count I, charging the defendant with possession with intent to distribute heroin:

_____ Guilty                          _____ Not Guilty.

As to Count II, charging the Defendant with possession of a firearm in furtherance of a drug trafficking crime:

_____ Guilty                          _____ Not Guilty.


_____          _____
Jury Foreman                        Juror


_____          _____
Juror                               Juror


_____          _____
Juror                               Juror


_____          _____
Juror                               Juror


_____          _____
Juror                               Juror

_____    _____
Juror                              Juror


Dated: _____  _____ , 2008

**PROPOSED VERDICT FORM**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-74-GMS |
| | ) | |
| ELVIN DEMPSEY | ) | |
| | ) | |
| Defendant. | ) | |

**VERDICT FORM**

As to Count III, charging the defendant with possession of a firearm by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year:

_____ Guilty                    _____ Not Guilty.

_____          _____
Jury Foreman                     Juror

_____          _____
Juror                            Juror

_____          _____
Juror                            Juror

_____          _____
Juror                            Juror

_____          _____
Juror                            Juror

_____          _____
Juror                            Juror

Dated: _____  _____ , 2008

-52-

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____     For Shawn E. Martyniak
Shawn E. Martyniak
Special Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
(302) 573-6277


_____

Eleni Kousoulis, Esquire
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
Attorney for Defendant Dempsey


Dated: August 20, 2008