IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELVIN DEMPSEY, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 16-230-MN |
| | ) | Cr. A. No. 07-74-MN-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM OPINION[1]

---

Elvin Dempsey. *Pro se* movant.

Shawn Weede. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

September 24, 2018
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Gregory M. Sleet, and was reassigned to the undersigned's docket on September 20, 2018.

NOREIKA, United States District Judge

## I. INTRODUCTION

Movant Elvin Dempsey ("Movant") filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 119) The Government filed an answer in opposition. (D.I. 130) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

As summarized by the Court of Appeals for the Third Circuit, the facts leading to Movant's arrest and conviction are as follows:

> Wilmington Police Department ("WPD") Sergeant Liam Sullivan told WPD Detectives Randolph Pfaff and Danny Silva that he had received a tip from a confidential informant ("CI") that a man known as "Ocbar" planned to drive a gold Nissan Altima with Pennsylvania license plates to Philadelphia, Pennsylvania to pick up heroin and store it in a house located at 941 Kirkwood Street in Wilmington, Delaware ("the house"). Pfaff and Silva knew Ocbar to be Dempsey.
>
> Acting on the CI's tip, the WPD surveilled the house and saw a gold Nissan Altima with Pennsylvania license plates arrive. The driver, Eric Pittman, entered the house and exited with [Movant] a few minutes later. The lone passenger, Tracey Watson, stayed in the car. [Movant] returned to the house, and Pittman and Watson drove away in the Altima.
>
> The WPD stopped the Altima and searched Pittman and Watson, recovering a small empty plastic bag stamped "Hollywood" that they believed had contained heroin. The WPD transported Pittman to the police station, where he was interviewed by Sullivan, Pfaff, and Silva.[1] Pittman told Sullivan that he had traveled to the house that morning to buy heroin from Ocbar and that he saw "a lot" of heroin at the house. Pfaff recalled Pittman also saying that there were two men with handguns inside the house.
>
> In part using information they had learned during Pittman's interview, Pfaff and Silva obtained and executed a search warrant for the house. Inside the house, the WPD found 1,268 small heat-

> sealed bags of heroin each stamped "Hollywood," 1,170 of which were found in the bathroom ceiling packaged in a knit cap and tied with a green rubber band; a .22 caliber Taurus handgun in the closet, also wrapped in a knit cap and tied with a green rubber band; a .32 caliber Colt revolver wrapped in a sock behind the kitchen drywall; five rounds of .22 caliber ammunition in a flower vase in the front room; and three men, including [Movant]. [Movant] admitted to knowing that there were heroin and firearms inside the house.
>
> A federal grand jury returned a three-count Indictment against [Movant] for: possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Movant] moved to suppress the evidence seized and the statements he made during and after the search, contending that the search warrant affidavit omitted material facts concerning the WPD's investigation into Ocbar, and contained material misstatements of fact concerning what Pittman said during his interview. The District Court denied [Movant's] motion to suppress after a two-day evidentiary hearing during which it heard testimony from Sullivan, Pfaff, Silva, and Pittman. Pittman denied telling the WPD officers that he had obtained heroin from Movant or that there was heroin in the house, and disputed that the WPD officers had recovered an empty plastic bag from his car and thereby contradicting the statements the WPD officers attributed to him. The District Court credited the WPD officers' description of the events of May 8, 2007, including their account of Pittman's interview and the recovery of a plastic heroin bag from the Altima.
>
> After a three-day jury trial, [Movant] was convicted of Counts One and Three and acquitted of Count Two. The District Court denied [Movant's] motion for a judgment of acquittal on Count Three.

*United States v. Dempsey*, 629 F. App'x 223, 225–26 (3d Cir. 2015). Movant was sentenced to 120 months of imprisonment on both counts, to be followed by six years of supervised release, with the sentences to run concurrently. (D.I. 80)

2

On July 1, 2010, Movant filed a motion to vacate pursuant to 28 U.S.C. § 2255, asking the Court to provide him with an opportunity to file a direct appeal of his sentence. (D.I. 88) In his sole ground for relief, Movant contended that his trial counsel was ineffective for failing to file an appeal after he instructed her to do so. The Honorable Gregory M. Sleet appointed counsel to represent him and held an evidentiary hearing. During the hearing, Judge Sleet found that Movant had established a claim of ineffective assistance of counsel. Thereafter, Judge Sleet granted Movant's § 2255 motion, vacated its June 2, 2009 judgment, and reinstated the same judgment in order to permit Movant to file a timely notice of appeal. (D.I. 110)

Movant filed a timely notice of appeal, asserting three claims: (1) the Court's credibility findings regarding the motion to suppress were clearly erroneous; (2) the Court erred in permitting police officers to testify during his criminal proceeding and offer their opinion that Movant was not truthful in his post-arrest interview; and (3) there was insufficient evidence underlying Movant's § 922(g)(1) conviction on count three for possession of the Taurus .22 caliber handgun. *See United States v. Dempsey*, 629 F. App'x 223, 226-29 (3d Cir. 2015). On November 2, 2015, the Third Circuit Court of Appeals denied Movant's appeal and affirmed the Court's judgment. *Id.* In April 2016, Movant filed the § 2255 Motion presently pending before the Court. (D.I. 119)

**III. DISCUSSION**

Movant's timely filed § 2255 Motion[2] asserts the following ineffective assistance claims: (1) defense counsel failed to object to the multiplicitous nature of the indictment; (2) defense counsel failed to investigate exculpatory material or information regarding Elsmere Police

---

[2] Movant's initial successful § 2255 motion to reinstate his right to a direct appeal does not render the instant § 2255 Motion a second or successive § 2255 motion. *See In re: Olabode*, 325 F.3d 166, 173 (3d Cir. 2003).

3

officer, Liam Sullivan; (3) defense counsel stipulated to the laboratory analysis of the alleged heroin involved and to the prior conviction used to qualify him as a convicted felon without his consent; (4) appellate counsel failed to appeal on the substantive issues raised in the aforementioned three claims; (5) appellate counsel failed to file a reply brief to the government's response; and (6) appellate counsel failed to file a motion for a rehearing *en banc* before the Third Circuit or a petition for a writ of certiorari to the Supreme Court.

Movant has properly raised his ineffective assistance of counsel allegations in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504-05 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Strickland,* 466 U.S. at 689.

### A. Claim One

In Claim One, Movant contends that defense counsel was ineffective for failing to challenge the indictment as multiplicitous for two reasons: (1) the crimes underlying counts two

4

and three involved the same firearm; and (2) the possession of the heroin underlying count one triggered both firearm offenses (counts two and three). (D.I. 119 at 7) According to Movant, the "three charges all extend from the very same underlying offense for the alleged possession of the one quantity of heroin and one firearm." (D.I. 119 at 7) For the following reasons, the Court concludes that Claim One lacks merit.

Multiplicity is the charging of a single offense in separate counts of an indictment. *See United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978). "A multiplicitous indictment risks subjecting a defendant to multiple sentences for the same offense, an obvious violation of the Double Jeopardy Clause's protection against cumulative punishment." *United States v. Kennedy*, 682 F.3d 244, 255 (3d Cir. 2012). The Constitution protects against duplicative punishment "to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson,* 467 U.S. 493, 499 (1984). "The test for multiplicity examines whether the legislature intended to make separately punishable the different types of conduct referred to in the various counts." *Kennedy,* 682 F.3d at 255. In addition, the "basic inquiry in determining whether counts of an indictment are [] mulitplicitous is whether proof of one offense charged requires an additional fact that proof of the other offense does not necessitate." *Carter*, 576 F.2d at 1064.

In this case, defense counsel did not perform deficiently by failing to object to the indictment on the grounds of multiplicity, because none of the counts in Movant's indictment is multiplicitous of another. For instance, in order to obtain a conviction on count one – possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – the Government had to establish that Movant knowingly and intentionally distributed a controlled

substance which was, in fact, heroin. In order to obtain a conviction for count two – possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) – the Government had to prove that Movant committed the drug trafficking crime charged in count one and, in addition, that he knowingly possessed a firearm during and in relation to, or in furtherance of, that crime. Finally, to obtain a conviction on count three – possession of a firearm by a felon in violation of 18 U.S.C.§ 922(g)(1) – the Government had to prove that Movant knowingly possessed a firearm that affected interstate commerce after he had already been convicted of a felony offense. In other words, count one required proving that Movant distributed heroin without any firearm element, count two required proving that Movant possessed a firearm during the crime charged in count one, and count three required proving that Movant possessed a firearm after he had been convicted of a felony. *See United States v. Barber*, 303 F. App'x 652 (Table), 2008 WL 5249814, at *3-4 (10th Cir. 2008) (holding that indictment charging violations of §§ 924(c)(1)(A) and 922(g)(1) was not multiplicitous because each statute had a separate and distinct element that needed to be proved). Since these three counts are not multiplicitous, defense counsel did not provide constitutionally ineffective assistant by not making a meritless objection to the indictment. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

Moreover, Movant was not prejudiced by counsel's failure to object to the indictment. Since Movant was acquitted on count two (possession of a firearm during and in relation to a drug trafficking crime), the issue becomes whether count one (possession with intent to distribute heroin) and count three (possession of a firearm by a felon) were multiplicitous of each other. *See United States v. Webber*, 255 F.3d 523, 527 (8th Cir. 2001) (noting that defendant's challenge

6

to indictment on multiplicity grounds need not be addressed where defendant was acquitted of four of five firearms counts). As previously explained, these two offenses are not multiplicitous because they are separate crimes with no elements in common, and they are separately punishable. Movant also did not suffer prejudice because he was sentenced to identical concurrent sentences for his convictions on counts one and three.

For all of these reasons, the Court will deny Claim One as meritless.

**B. Claim Two**

In claim two, Movant contends that defense counsel was ineffective for failing to investigate exculpatory material or information regarding Elsmere Police Sergeant, Liam Sullivan, and he specifically references Sergeant Sullivan's alleged "long history of falsifying and/or manufacturing evidence against people in other cases that came to light." (D.I. 119 at 11) Movant appears to contend that defense counsel should have investigated Sergeant Sullivan's personnel files to find evidence of his misconduct which, in turn, would have cast doubt on Sergeant Sullivan's credibility and have led to the suppression of the heroin and/or gun evidence or to the dismissal of the indictment. (D.I. 119 at 11)

To succeed on a claim alleging ineffective assistance for failing to investigate, the movant must "show what exculpatory evidence would have been uncovered by further investigation." *United States v. Williams*, 166 F. Supp. 2d 286, 306 (E.D. Pa. 2001). "Even if an attorney is deficient in the decision not to conduct pretrial investigation, a defendant must show a reasonable likelihood that, but for the deficiency, the result of the proceeding would have been different." *Id.* A "defendant seeking relief under this theory must show a reasonable likelihood

7

that the investigation would have produced useful information not already known to trial counsel." *Id.*

Movant has failed to make the necessary showing in this case. To begin, after reviewing Movant's allegations in conjunction with defense counsel's affidavit, the Court concludes that Movant has failed to demonstrate that defense counsel's investigation of Sergeant Sullivan fell below an objective standard of reasonableness. In her affidavit, counsel explained the following:

> While [Movant] shared with me his belief that Officer Sullivan had a history of trying to frame him for crimes he did not commit, I did not have any evidence to support this, and I explained to Mr. [Movant] that I could not bring unfounded, unsupported allegations against Officer Sullivan, or accuse Officer Sullivan of fabricating evidence or of lying without any evidence to support that. **Moreover, I requested from the government the production of evidence of any perjurious conduct or other acts of dishonesty contained in the personnel files of all law enforcement agents whom the government intended to call as witnesses in [Movant's] case, and nothing in this respect was provided to me from the government for Officers Sullivan, Pfaff, or Silva.**

(D.I. 130-4 at 2-3) (emphasis added) Despite Movant's self-serving allegation that the exculpatory evidence "was readily available during pre-trial suppression hearings," the logical conclusion to be drawn from counsel's affidavit is that the Government did not provide exculpatory evidence from Sergeant Sullivan's personnel file because no such evidence existed. Counsel cannot be blamed for failing to uncover exculpatory evidence that did not exist. In addition, Movant cannot demonstrate that he was prejudiced by defense counsel's investigation (or alleged lack thereof), because he does not identify exactly what exculpatory evidence defense counsel should have uncovered. *See United Sates v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)

8

(vague and conclusory allegations may be disposed of without further investigation in a § 2255 proceeding). For these reasons, the Court will deny Claim Two as meritless.

### C. Claim Three

Next, Movant alleges that defense counsel was ineffective for stipulating at trial that he had a prior felony conviction in the State of Delaware, and that the substance in question in this case was heroin. He alleges that he did not consent to the stipulations and that they were akin to a guilty plea. (D.I.119 at 13) For the following reasons, this argument does not warrant relief.

To begin, Movant cannot demonstrate that defense counsel performed deficiently by entering into the two stipulations, because the record refutes his contention that counsel entered into the stipulations without his knowledge and consent. For instance, in her affidavit, defense counsel states that, while she did not recollect the exact conversation she had with Movant, given her 15 year practice as a federal public defender, she would not have stipulated to either item without reviewing the lab report and verifying the information about Movant's prior felony conviction. (D.I. 130-4 at 3) She also states that it was her practice to discuss all stipulations with her clients and obtain their consent before entering into them. (D.I. 130-4 at 3) Second, the stipulation regarding the lab analysis of the heroin contains Movant's signature, which directly refutes his claim of non-consent. (D.I. 59) The Court also mentioned the stipulation about the heroin when it instructed the jury. (D.I. 71 at 22) Third, even though the record does not contain a copy of the stipulation regarding Movant's prior felony conviction, the record demonstrates that Movant was aware of that stipulation. For example, the Government filed a Section 851 Information stating the Movant had a previous felony conviction for a drug offense, along with the citation to the relevant Delaware state court case, *State v. Dempsey*, Crim. No. 97-01-1455.

9

(D.I. 54) The Court read the stipulation concerning Movant's prior felony conviction to the jury when it instructed the jury on count three of the indictment. (D.I. 71 at 143-44) And finally, Movant's memorandum in support of his Rule 29 motion for judgment acquittal states that the parties stipulated that he was previously convicted of a felony. (D.I. 72 at 8)

Movant has also failed to demonstrate that he suffered any prejudice as a result of the stipulations. Notably, Movant does not dispute that he was "previously convicted in the State of Delaware Superior Court on September 14, 1999." (D.I. 119 at 12) In turn, his mere speculation that the Government may not have been able to meet its burden to prove that he was a felon and that the drugs were heroin does not affirmatively establish a reasonable likelihood that the result of the trial would have been different but for defense counsel's act of entering into the stipulations. *See United States v. Tilley*, 2011 WL 673914, at *2 (W.D. Pa. Feb. 17, 2011).

Finally, to the extent Movant contends that defense counsel was ineffective for entering into the stipulations because they were the equivalent of him entering a guilty plea, the argument is unavailing. The trial record reflects that defense counsel put forth a spirited defense on Movant's behalf, and zealously challenged other elements of the charged offenses. In fact, she secured an acquittal on count two.

Accordingly, the Court will deny Claim Three as meritless.

**D. Claim Four**

In Claim Four, Movant contends that appellate counsel was ineffective for failing to raise on direct appeal the substantive arguments underlying Claims One through Three. Claims of ineffective assistance of appellate counsel are evaluated under the same *Strickland* standard applicable to trial counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). An

attorney's decision about which issues to raise on appeal are strategic,[3] and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Smith v. Robbins*, 528 U.S. 259, 272 (2000). In order to establish prejudice caused by an appellate counsel's performance, a movant must show a reasonable likelihood that the Court of Appeals would have resolved the case differently on appeal, if not for counsel's deficiencies. *See United States v. Mannino*, 212 F.3d 835, 845 (3d Cir. 2000). As a general rule, the presumption of effective assistance of appellate counsel will be overcome "only when ignored issues are clearly stronger than those presented." *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Here, Movant has failed to satisfy either prong of the *Strickland* standard. Since, as previously discussed, the three underlying arguments in Claims One through Three lack merit, appellate counsel did not perform deficiently by failing to raise those arguments on appeal. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). The fact that the underlying arguments are meritless also precludes Movant from demonstrating a reasonable likelihood that he would have succeeded on appeal but for appellate counsel's failure to raise those arguments. Thus, Claim Four does not warrant relief.

### E. Claim Five

In claim five, Movant argues that appellate counsel provided ineffective assistance because she did not file a reply brief in the Third Circuit. Movant fails to identify any argument he believes appellate counsel should have raised. Hence, the Court will deny Claim Five as meritless.

---

[3] *See Albrecht v. Horn*, 485 F.3d 103, 138 (3d Cir. 2007); *Buehl v. Vaughn*, 166 F.3d 163, 174 (3d Cir. 1999) (counsel is afforded reasonable selectivity in deciding which claims to raise without the specter of being labeled ineffective).

### F. Claim Six

Finally, Movant contends that appellate counsel should have filed a motion for rehearing *en banc* in the Third Circuit Court of Appeals or, additionally, a petition for a writ of certiorari to the Supreme Court. It is well-settled that defendants have no constitutional right to counsel when they pursue discretionary review. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Review by the Court of Appeals *en banc* or by the Supreme Court is discretionary. *See Ross v. Moffitt*, 417 U.S. 600, 616-17 (1974) ("This Court's review . . . is discretionary"); *United States v. Coney*, 120 F.3d 26, 28 (3d Cir. 1997) ("*en banc* rehearing by the courts of appeals is discretionary."). Since Movant does not have a constitutional right to counsel in connection with the filing of a petition for rehearing or certiorari, his claim that appellate counsel was ineffective for not pursing either type of review necessarily fails.

### IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes that an evidentiary hearing is not warranted.

### V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability

is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 motion after determining that his ineffective assistance of counsel claims lack merit. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.

13